UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST HOME DESIGNING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN KEY CONSTRUCTION, INC., et al.,<br><br>Defendant. | CASE NO. 11-cv-05289 RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DENYING DEFENDANTS' MOTION FOR SANCTIONS |

THIS MATTER has been referred to the undersigned Magistrate Judge (ECF No. 56) pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR 1, MJR 3 and MJR 4.

The Court has reviewed Plaintiff's Motion to Compel Discovery (ECF No. 54), the Declaration of Anthony J. Biller (ECF No. 55), Defendant Golden Key Construction, Inc.'s and Defendant Doug Bateman's Opposition to Plaintiff's Motion to Compel Discovery (ECF No. 57), the Declaration of Andrew C. Gauen (ECF No. 58), the Declaration of Paul C. Sutphen

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DENYING DEFENDANTS' MOTION FOR SANCTIONS - 1

1    (ECF No. 59), Plaintiff's Reply (ECF No. 60) and the Declaration of Anthony J. Biller in

2    Support of Plaintiff's Reply (ECF No. 61).

3        The Court also heard oral argument on February 10, 2012.  During oral argument,

4    plaintiff asked the court to consider other, non-binding authority from courts outside of this

5    circuit.  While the Court initially agreed to allow plaintiff to reference this authority, after having

6    heard a description of the cases, and respecting defendant's right to offer opposing authority, the

7    Court has re-considered and believes that it is more important for it to exercise its discretion on

8    this discovery question now rather than to invite additional briefing.  Any non-binding authority

9    would be of little benefit to the Court in exercising its discretion and resolving the issues before

10   it.  Therefore, the Court has not considered this authority in rendering its decision and defendant

11   need not provide responsive briefing.

12       In summary, while plaintiff should be entitled to review information related to other

13   houses built by defendants, it does not appear that the parties' differences regarding electronic

14   accounting information has been thoroughly vetted in good faith in an effort to resolve discovery

15   disputes.  Therefore, this Court will GRANT the motion to compel discovery as it relates to other

16   homes built by defendants, but will DENY plaintiff's motion regarding accounting records until

17   such time as the parties engage in a more thorough discovery conference.  Defendants' request

18   for sanctions is denied.

19                                      BACKGROUND

20       This is an action for copyright infringement (ECF No. 1).  Plaintiff Northwest Home

21   Designing, Inc. (hereinafter "plaintiff") claims that Defendant Golden Key Construction, Inc.

22   (hereinafter "Golden Key"), along with other defendants, violated plaintiff's copyright regarding

23   house design plans.  Plaintiff served interrogatories and document requests on or about July 6,

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 2

1   2011.  After discovery conferences, extensions, and the entry of a stipulated protective order on

2   October 7, 2011 (ECF No. 50), plaintiff filed a motion to compel discovery (ECF No. 54).

3   Plaintiff raises the following issues:

    1.   Whether defendant should be compelled to identify all homes constructed, not just the

        ones identified by plaintiff to date.

    2.   Whether defendant should produce a "representative sample" of each home design

        created and/or built in the past five years.

    3.   Whether defendant should produce all of its financial records so that plaintiff can

        evaluate damages.

## DISCUSSION

The Court has broad discretion in determining the scope of discovery.  See Herbert v. Lando, 441 U.S. 153, 177 (1979).  Fed. R. Civ. P. 26(b)(1) provides, in part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence  . . . .

Although defendant has not moved for a protective order, this Court should temper any order requiring production of documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).

    1.   Whether defendant should be compelled to identify all homes constructed, not just the ones identified by plaintiff to date.

Plaintiff's interrogatory number 13 asks defendant to "identify every house you have constructed from April 2006 to the present and the plan used to construct each.  Identify representative documents showing floor plan and elevation."  (ECF No. 55, Exhibit 1, page 34.) Defendant Golden Key objected on the grounds that the interrogatory was overly broad and "not

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 3

1   relevant or reasonably calculated to lead to the discovery of relevant evidence." (Id. at 35.)

2   Plaintiff contends that by reviewing public records, it identified that "over half of Golden Key's

3   homes were built using the subject plans" and that "there is certainly a likelihood that other plans

4   may also have been copied . . . ." (ECF No. 54, page 4.) Defendant characterizes this request

5   as a "fishing expedition." (ECF No. 57, page 8.) Defendant states that it has only built six

6   homes using plans other than the subject plans since April of 2006. The Court agrees with

7   plaintiff. Plaintiff should not be limited to a search of public records in order to fully evaluate

8   possible claims and damages. Requesting a review of the other houses built by defendant

9   Golden Key is reasonable in light of the allegations raised in plaintiff's complaint and the

10  discovery is designed to lead to the discovery of admissible evidence. Therefore, it is

11  ORDERED that defendant provide a complete answer to interrogatory number 13.

12  In a related subject, plaintiff's request for production number 11 asks Defendant Golden

13  Key for "copies of all building permits issued to you from January 2001 to the present." (ECF

14  No. 55, Exhibit 1, page 44.) Apparently, because of defendant's five-year document retention

15  policy, defendant has no documents regarding homes that had been constructed prior to 2006.

16  (ECF No. 57, page 5; see also, ECF No. 58, paragraph 6.) Defendant cannot produce what it

17  does not have. Therefore, if defendant does not possess any documents responsive to this

18  request, then it should so state. If, however, defendant has any such documents, as discussed

19  earlier, these documents should be produced. IT IS SO ORDERED.

20

21     2.    Whether defendant should produce a "representative sample" of each home
design created and/or built in the past five years.

22  Plaintiff's request for production number 18 requests "A representative sample of each

23  home design you have created and/or built in the past five years." (ECF No. 55, Exhibit 1, page

24  ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 4

1   47.)  Defendant Golden Key objected because the request was vague as to what was meant by

2   "representative sample" and because it asked for documents to plans other than the plans it

3   claims are the subject of the lawsuit and, therefore, was overbroad.  (ECF No. 55, Exhibit 1, page

4   47.)  The Court agrees that plaintiff's request is unclear.  Defendant claims that each of the other

5   house designs was unique.  (ECF No. 55, Exhibit 2, page 57.)  Plaintiff may have a different

6   perspective, but requesting a "representative sample" is sufficiently unclear that it allows the

7   defendant to interpret in a way that may not be consistent with plaintiff's request.  Therefore, the

8   Court DENIES plaintiff's request for an order compelling production of further documents

9   regarding this request until and unless plaintiff can provide a clearer definition.

10

        3.      Whether defendant should produce all of its financial records so that plaintiff can

11                evaluate damages.

12       Requests for production of documents numbered 7 through 10 request financial records

13   that plaintiff claims are relevant to issues of revenues, costs, and profits attributable to the

14   infringing homes sold by defendant Golden Key.  (ECF No. 54, page 4.)  Defendant has objected

15   because it would require to production of financial records that it claims are irrelevant to the

16   subject matter of this litigation.

17       Prior to addressing the substance of the motion, however, defendant claims that plaintiff

18   has not sought to discuss or resolve this issue through a Rule 37 conference.  (ECF No. 57, pages

19   10-14).  Fed . R. Civ. P. 37(a) provides that no party shall move for an order compelling

20   disclosure or discovery unless the moving party included a "certification that the movant has in

21   good faith conferred or attempted to confer with the person or party failing to make disclosure or

22   discovery in an effort to obtain it without court action."  Andrew C. Gauen filed a declaration

23   noting the sequence of discovery.  (ECF No. 58.)  Although the parties had discussions regarding

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 5

1  the exchange of financial information, and defendant provided some financial information

2  pursuant to those discussions, defendant claims that it has complied with plaintiff's request

3  during the discovery conference regarding financial documents and "heard nothing further

4  regarding plaintiff's discovery requests until receiving plaintiff's Motion to Compel on January

5  19, 2012. . ." Id. at ¶4.  This does not sufficiently comply with requirements set forth in Rule

6  37(a).  Therefore, plaintiff's request for an order compelling discovery of this financial

7  information is DENIED WITHOUT PREJUDICE.  Plaintiff may re-file if, after meeting and

8  conferring, the parties cannot resolve this issue without court intervention.

9          To provide guidance to the parties, the Court makes the following observations.  First,

10  Defendant Golden Key has apparently provided significant amounts of information to its forensic

11  accountant, and has been billed in excess of $20,000 to prepare worksheets reflecting, among

12  other things, profit and overhead calculations relevant to an evaluation of plaintiff's damages.

13  (Decl. of Paul Sutphen, ¶11, ECF No. 59.)  He evaluated electronic information from

14  QuickBooks, as well as physical records provided to him by defendant.  To the extent such

15  information has been provided to an expert and that person is identified as a person who may be

16  presented as a witness at trial, Fed. R. Civ. P. 26(b)(4)(ii) will require defendant to produce

17  "facts or data that the party's attorney provided and that the expert considered in forming the

18  opinions to be expressed . . ." Fed. R. Civ. P. 26(b)(4)(ii).  Therefore, in all likelihood, this

19  underlying data will need to be provided anyway.  Second, to the extent that plaintiff is required

20  to evaluate overhead and costs, it will necessarily be required to evaluate data that may not be

21  specifically related to the particular homes that are the subject of this litigation, but instead are

22  relevant to the business overall.  Third, as the Court has already entered a protective order, it is

23  likely that reasonable requests for disclosure of such information will be granted, with the

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 6

1   understanding that the information will not be made public until and unless so ordered by the

2   Court.

3         With these guidelines, the Court orders that the parties meet and confer regarding these

4   financial records and attempt to resolve discovery disputes without further order of the Court.

5         Finally, defendant has requested that it be awarded sanctions for the necessity of

6   responding to plaintiff's motion to compel discovery (ECF No. 57, pages 9, 10, 12.)  Defendant

7   has not shown good cause for the award of sanctions.  Therefore, defendant's motion is

8   DENIED.

9         Because discovery is ongoing, defendant is ordered to comply with this order to compel

10  discovery within fourteen (14) days of this Order.

11

      Dated this 10th day of February, 2012.

12

13  _____

      J. Richard Creatura

14        United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING DEFENDANTS'
MOTION FOR SANCTIONS - 7