UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST HOME DESIGNING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN KEY CONSTRUCTION, INC., et al.,<br><br>Defendant. | CASE NO. 11-cv-05289 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY |

Defendants Golden Key Construction, Inc. and Doug Bateman's Motion to Compel Discovery (ECF No. 64) has been referred to the undersigned Magistrate Judge (ECF No. 71) pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR 1, MJR 3 and MJR 4.

The Court has reviewed Defendants' Motion to Compel Discovery (ECF No. 64), the Declaration of Michelle A. Alig (ECF No. 65), Plaintiff's Response in Opposition to Golden Key's and Bateman's Motion to Compel Discovery (ECF No. 66), the Declaration of Anthony J. Biller in Support of Plaintiff's Response (ECF No. 67), and the Reply in Support of Defendants Golden Key Construction, Inc.'s and Defendant Doug Bateman's Motion to Compel Discovery (ECF No. 68).

BACKGROUND

Plaintiff claims that Golden Key's house-design plans violate its copyrights. In August 2011, Defendant sent its first set of interrogatories and requests for production to Plaintiff, to which Plaintiff responded one month later. On January 27, 2012, Defendant sent correspondence to Plaintiff, discussing why some of Plaintiff's responses were deficient. Defendant argues that some of Plaintiff's answers were general and nonspecific, and thus, nonresponsive.

On February 16, 2012, the parties conferred again, and Plaintiff objected to providing a supplemental response to Interrogatory No. 2, claiming that such information was not relevant under Ninth Circuit case law. The following day, after reviewing the cited case law, Defendant wrote to Plaintiff, stating that Interrogatory No. 2 sought relevant information, and requested a supplemental response by March 1, 2012. On March 2, 2012, Defendant received Plaintiff's supplemental responses to other requested discovery, but not to Interrogatory No. 2.

Interrogatory No. 2 and Plaintiff's response are as follows:

> **INTERROGATORY NO. 2:** Please identify with specificity each and every element of your plans at issue in this litigation that you allege are protected by copyright.
>
> **RESPONSE:** NHD objects to this interrogatory to the extent that it asks NHD to dissect the home designs into protected elements. NHD's protectable expressions in its designs exist in the selection, coordination, and arrangement of individual elements into a whole. The protectable expression in the designs include, without limitation, the overall form of the building, the arrangement and composition of spaces in the building, the roof design, the shape of the envelope, the exterior design, the fenestration patterns, the floor plan, the relationship between the rooms, and the circulation patterns.

Alig Decl., Exh. 1. Defendant argues that the answer above remains general and nonspecific. Plaintiff argues that they should not be compelled to supplement their response because they fully and reasonably responded, and a more specific response is contrary to law and impossible to implement.

TO COMPEL DISCOVERY - 2

| | |
|---|---|
| 1 | DISCUSSION |
| 2 | Parties may obtain discovery regarding any nonprivileged matter that is relevant to any |
| 3 | party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible |
| 4 | at trial if the discovery appears reasonably calculated to lead to admissible evidence. Id. |
| 5 | Discovery rules are to be applied broadly and liberally for the purpose of adequately informing |
| 6 | litigants. Hickman v. Taylor, 329 U.S. 495, 506–07 (1947). |
| 7 | To establish copyright infringement, a plaintiff must prove (1) ownership of a copyright; |
| 8 | and (2) defendant copied protected elements of the work. Feist Publ'ns, Inc. v. Rural Tel. Serv. |
| 9 | Co., 499 U.S. 340, 361 (1991). Copying is usually proved by circumstantial evidence of access |
| 10 | to the copyrighted work and substantial similarities as to protectable material in the two works. |
| 11 | Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1162 (9th Cir. |
| 12 | 1977). |
| 13 | To show substantial similarity between two works, the Ninth Circuit employs a |
| 14 | bifurcated test. The plaintiff must prove both substantial similarity of general ideas under the |
| 15 | "extrinsic test," and substantial similarity of the protectable expression of those ideas under the |
| 16 | "intrinsic test." Id. at 1164; Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990) (emphasis |
| 17 | added). Under the extrinsic test, analytic dissection and expert testimony are appropriate. Sid & |
| 18 | Marty Krofft Television Prods., 562 F.2d at 1164. Under the intrinsic test, a court weighs the |
| 19 | observations and impressions of the average reasonable person. Id. Only if a plaintiff has |
| 20 | satisfied the extrinsic test will a court decide whether the plaintiff has met its burden under the |
| 21 | intrinsic test. Id. |
| 22 | Identifying "the disputed elements of a registered work in a copyright claim is relevant to |
| 23 | the defense against copyright infringement." Safeair, Inc., v. Airtran Airways, Inc., No. 09- |
| 24 | |

5053, 2009 WL 1835916, at *2 (W.D. Wash. June 26, 2009) (citing 17 U.S.C. § 501). It is not impossible—as the Plaintiff claims—to dissect every element that makes Plaintiff's work copyrightable. In fact, in order for the Plaintiff to establish copyright infringement, the Plaintiff must satisfy the extrinsic test, which requires analytic dissection. If Plaintiff fails to identify the specific elements, not only does Plaintiff fail the extrinsic test, but the Court will not be able to determine whether Plaintiff's work survives the intrinsic test.

In addition, the mere fact that Plaintiff's work is copyrighted does not mean that every element of the work is protected. Feist Publ'ns, Inc., 499 U.S. at 348–49. If Plaintiff's work is composed largely of unprotectable elements or elements limited by law, the protection it receives may be broad or narrow. Id. at 357–58. Thus, Plaintiff must identify the protected elements of its work to determine what level of protection to which it is entitled. Plaintiff's response merely identifies the general similarities between the two works, but it does not specify the protected elements.

If Plaintiff were correct, and it was impossible to identify each element of its plans that it alleges is copyright protected, then Plaintiff may not later at trial argue that additional or more specific elements of its plans are protected by copyright. Herbert v. Lando, 441 U.S. 153, 177 (1979).

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Compel (ECF No. 64) is GRANTED. Plaintiff is to supplement its response to Interrogatory No. 2 within twenty days of this order. IT IS SO ORDERED.

Dated this 11th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge