UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST HOME DESIGNING, INC.,

Plaintiff,

v.

GOLDEN KEY CONSTRUCTION, INC., et al.,

Defendant.

CASE NO. 11-cv-05289 RBL

ORDER GRANTING DEFENDANTS' MOTION TO SEAL AND MOTION TO COMPEL DISCOVERY

Defendants Golden Key Construction, Inc. and Doug Bateman's Motion to Compel Discovery (ECF No. 76) has been referred to the undersigned Magistrate Judge (ECF No. 81). In order to rule on that motion, this Court is also considering and ruling upon Defendants' Motion to Seal (ECF No. 75). This Court has jurisdiction pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR 1, MJR 3 and MJR 4.

The Court has reviewed Defendants' Motion to Compel (ECF No. 76), the Declaration of Paul Sutphen (ECF No. 77), the Declaration of Andy Gauen (ECF No. 78), Plaintiff Northwest Home Designing, Inc.'s Response (ECF No. 96) the Declaration of Anthony J. Biller (ECF No. 97), Declaration of David E. Bennett (ECF No. 98), Defendants Doug Bateman and Golden Key

ORDER GRANTING DEFENDANTS' MOTION
TO SEAL AND MOTION TO COMPEL
DISCOVERY - 1

Construction, Inc.'s Reply (ECF No. 103) and the Supplemental Declaration of Andrew C. Gauen (ECF No. 104) and Defendants' Motion to Seal (ECF No. 75).

There being no opposition, and good cause having been shown, Defendants' Motion to Seal the Motion to Compel Discovery is GRANTED.

1. <u>Timely filing</u>.

The deadline for filing motions related to discovery was May 22, 2012 (ECF No. 31). This motion was not brought until June 7, 2012. While defendants' discovery requests were submitted in a timely fashion, and plaintiff initially responded in a timely fashion, the parties were not able to resolve their differences prior to the expiration of the time for filing the motion, despite good faith efforts. A case schedule may be modified upon a showing of good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Good cause having been shown, this Court will consider defendants' motion to compel even though it was untimely.

2. <u>Amended Protective Order</u>.

The District Court entered a Protective Order in this case on October 7, 2011 (ECF No. 50), which was amended on December 16, 2011 (ECF No. 53). Plaintiff argues that the existing Protective Order is insufficient to protect allegedly "highly confidential" information and seeks defendants' approval to yet another amendment to the Protective Order. Plaintiff's proposed protective order includes a reference to "highly confidential" documents that could only be viewed by a limited category of persons even more restrictive than the original protective order. Defendants correctly point out that the District Court does not generally favor protective orders, unless there has been a specific showing by the parties as to the need for confidentiality. Local Rule 5(g). While the parties have obtained a protective order in this case, plaintiff has failed to show the need for any additional protection, nor has plaintiff sought a protective order under the local rules. Therefore, plaintiff's refusal to produce documents on the grounds that defendants

were unwilling to sign a more restrictive protective order is unwarranted. Any documents withheld by plaintiff on the grounds that an amended protective order had not been agreed to by the parties should be produced forthwith.

3. Request for Production No. 15.

Defendants have requested documents that would allow its expert to calculate lost profits using plaintiff's information stored in QuickBooks and File Maker Pro. Defendants have presented a declaration from its expert demonstrating why this information is important (ECF No. 77). Fed. R. Civ. P. 26 must be broadly construed to allow defendants to discover information that may be relevant. This is not limited to information plaintiff may rely upon in determining damages, but may also include information about plaintiff that defendants believe may be helpful in disputing plaintiff's claimed damages Therefore, defendants' request for production of these documents is GRANTED.

4. Request for Production No. 17.

Defendants have requested an unredacted copy of a settlement agreement with NHD. Plaintiff has shown no good cause for withholding such information. As noted above, any concerns regarding confidentiality may be addressed by designating any such settlement agreement as "confidential" under the existing Protective Order. Defendants' motion with regard to that settlement agreement is GRANTED.

5. Request for Production No. 19.

Defendant has requested copies of "any and all agreements regarding the purchase and sale of stock between Robert Mickey and Plaintiff or April Lord-Wittig." (ECF No. 76). Plaintiff has not produced a promissory note and security agreement attached to a stock purchase agreement. This stock purchase agreement also makes reference to a real estate agreement between Ms. Lord-Wittig and Mr. Mickey. Plaintiff has not produced this document, either.

1 Plaintiff has objected to production of those documents because they were not specifically
2 requested, but has agreed that it would produce such documents if designated for "Attorneys'
3 Eyes Only". For the reasons stated above, this Court finds that the existing Protective Order is
4 sufficient and ORDERS plaintiff to produce the documents accordingly. Defendants' motion
5 with regard to this request is GRANTED.

Because of the existing court schedule, plaintiff is ordered to comply with this Order to Compel Discovery within fourteen (14) days of this Order.

Dated this 27th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION
TO SEAL AND MOTION TO COMPEL
DISCOVERY - 4